IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN THOMPSON, No. L-00060, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-00158-MJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| DR. GARDNER, | ) | |
| TERRI ANDERSON, | ) | |
| SARAH JOHNSON, | ) | |
| JOHN DOE, *IIB Member,* | ) | |
| JOHN DOE, *Warden's Designee*, and | ) | |
| JANE DOE, *Health Care Administrator*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Brian Thompson, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

In his complaint (Doc. 1), Plaintiff generally alleges that over a year, beginning in July 2010 when he transferred into Pinckneyville, the dentist at Pinckneyville, Defendant Dr. Gardner, delayed and/or denied him treatment for several painful dental issues, including broken dentures, missing fillings and an exposed dental root.  According to Plaintiff, the delay in treatment eventually resulted in multiple teeth having to be extracted, rather than repaired.  Plaintiff contends that not only was Dr. Gardner deliberately indifferent to his serious dental needs, but Gardner's employer, Defendant Wexford Health Sources, Inc., had a practice and

policy of deliberate indifference, designed to save money. Plaintiff further asserts that Defendant "Jane Doe," the Health Care Administrator at Pinckneyville, who may or may not be employed by Wexford, "is responsible for the provision of health care to the inmates…" (Doc. 1, p. 3).

During the period of inadequate dental care, Plaintiff pursued multiple administrative grievances aimed at securing prompt and proper treatment.  He claims that the following Defendants approved the denial of his grievance(s), thereby exhibiting deliberate indifference to Plaintiff's serious dental needs:  Terri Anderson, the IDOC Director's designee; Sarah Johnson, the Administrative Review Board hearing officer; "John Doe" IIB member; and "John Doe," the Pinkneyville Warden's designee.

Plaintiff seeks compensatory damages, "exemplary" damages (which the Court construes as punitive damages), and affirmative injunctive relief in the form of dental care and medication.

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two broad counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Dr. Gardner, "Jane Doe" Health Care Administrator, and Wexford Health Sources, Inc., were deliberately indifferent to Plaintiff's serious dental needs, in violation of Plaintiff's rights under the Eighth Amendment; and**
>
> **Count 2:  Defendants Terri Anderson, Sarah Johnson, "John Doe" IIB member and "John Doe" Warden's designee were deliberately indifferent to Plaintiff's serious dental needs, in violation of Plaintiff's rights under the Eighth Amendment.[1]**

---

[1] Plaintiff specifically framed this claim as "deliberate indifference," rather than as a "due process" violation.

**Discussion**

Relative to Count 1 against the medical professionals, their failure to provide timely and adequate treatment may constitute deliberate indifference. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Sherrod v. Lingle,* 223 F.3d 605, 619 (7th Cir. 2000); *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Accordingly, Plaintiff's claim against Defendants Dr. Gardner and Wexford Health Sources, Inc., shall proceed. However, the claim against "Jane Doe" Health Care Administrator, fails to state a claim. Defendants in supervisory roles cannot be held liable in a Section 1983 action for the deliberate indifference of their subordinates, absent personal involvement in the constitutional deprivation, which has not been pleaded. *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009); *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Therefore, "Jane Doe" Health Care Administrator shall be dismissed without prejudice.

Count 2 also alleges an Eighth Amendment claim, but the defendants are clearly not medical professionals. There is no basis to conclude that the non-medical-provider Defendants were deliberately indifferent to Plaintiff's alleged need for treatment. *Arnett v. Webster,* 658 F.3d 742, 755 (7th Cir. 2011); *Burks,* 555 F.3d at 596. Sufficient personal involvement in the constitutional deprivation has not been pleaded. *Burks,* 555 F.3d at 596; *Sanville,* 266 F.3d at 740. A public employee who knows about a danger need not act to avert it, *DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189 (1989), and "the alleged mishandling of … grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, Count 2 against Defendants Terri Anderson, Sarah Johnson, "John Doe" IIB member and "John Doe" Warden's designee shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be **REFERRED** to Magistrate Judge Stephen C. Williams.

**Disposition**

For the reasons stated, **COUNT 1** alleging an Eighth Amendment violation shall proceed against **DR. GARDNER** and **WEXFORD HEALTH SOURCES, INC**.

**IT IS HEREBY ORDERED** that, because **COUNT 1**, as pleaded, fails to state a claim upon which relief may be granted relative to **"JANE DOE" Health Care Administrator**, she is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2** fails to state a claim upon which relief can be grated; therefore, **COUNT 2** and **TERRI ANDERSON**, **SARAH JOHNSON**, **"JOHN DOE" IIB member**, and **"JOHN DOE" Warden's designee** are **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to have the record reflect that there were two "John Doe" defendants named in the complaint.

**Service of Process and Procedural Directives**

Plaintiff's motion for leave to proceed as a pauper (Doc. 2) has been granted by separate order. Consequently, the related motion for service of process at government expense (Doc. 4) is **GRANTED**.

As to **COUNT 1**, which remains in the instant case, the Clerk of Court shall prepare for Defendants **DR. GARDNER** and **WEXFORD HEATH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate

Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 19, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**